Argued May 3, affirmed May 25, 1960

# STATE OF OREGON *v.* FOSTER

352 P. 2d 502

*Austin Dunn,* Baker, argued the cause and filed a brief for appellant.

*Jesse R. Himmelsbach, Jr.,* District Attorney for Baker County, Baker, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Warner, Perry, Sloan, O'Connell, Goodwin and Millard, Justices.

McALLISTER, C. J.

The defendant, Carl Foster, was convicted of driving an overloaded truck and fined $300, from which judgment he appeals.

The case was tried to the court upon an agreed statement of facts. It appears that Foster was employed by a private truck owner who leased his truck to an independent contractor engaged in street construction under a contract with the city of Baker. Defendant was arrested on state highway 86 in Baker while hauling a load of gravel from the Logsdon Pits just beyond the easterly boundary of the city to the place inside the city where the work was in progress. The arrest occurred within the city at a point outside the actual area under construction. At the time of the arrest, the truck was loaded with a gross tandem axle weight of 6,000 pounds more than the maximum weight set by ORS 483.506 (3)(c).

Defendant contends that his vehicle came within the exception created by ORS 483.502 (3) which read as follows:

"The provisions of ORS 483.502 to 483.536 governing size and weight do not apply to any vehicle, combination of vehicles, article, machine or other equipment while being used by the Federal Government, the State of Oregon, or any county or incorporated city in the construction, maintenance or repair of public highways, and at the immediate location or site of such construction, maintenance or repair."

It will be noted that defendant is entitled to the benefit of the exception created by the statute only if his vehicle was "being used by" an incorporated city and also was being used "at the immediate location or site of such construction." The trial court held that the

phrase "being used by" an incorporated city includes only vehicles owned or leased by the city and not vehicles operated by private contractors or subcontractors. We reach the same conclusion.

The exemption of governmental vehicles from the statutory size and weight restriction originated with Oregon Laws 1925, ch 309, p 586, the pertinent portion of which read as follows:

> "* * * The provisions of this section shall not apply to any vehicle, article, machine or other equipment used by any county in the construction, maintenance or repairs of its public highways, or in the transportation of county equipment."

The above provision was broadened by Oregon Laws 1931, ch 360, § 80 (1), p 665 to include vehicles used by the state or federal governments and also to exempt "the transportation of federal, state or county equipment or supplies."

The exemption was extended by Oregon Laws 1951, ch 405, p 628 to vehicles being used by any incorporated city or town but the provision exempting "the transportation of federal, state or county equipment or supplies" was eliminated.

By Oregon Laws 1953, ch 691, p 1314, the exemption of governmental vehicles from the statutory size and weight restrictions was further curtailed by the addition of the provision that it applied only "at the immediate location or site of such construction, maintenance or repair."

We find in the legislative history of the statute exempting government vehicles from the statutory size and weight restrictions no indication of a legislative intent to exempt vehicles operated by private contractors.

We attach considerable significance to the fact that in 1957 the legislature specifically provided that "common or contract carriers when acting as agent for or on direct orders of such a utility or district" should be entitled to the same exemption which had theretofore been granted only to vehicles "used" by public utilities, people's utilities districts and cooperative rural electrification districts in the transportation and hauling of poles, piling or structures used in connection with their business. See Oregon Laws 1957, ch 621, p 999.[1] Although the statutes prior to 1957 included the phrase "used", the legislature nevertheless found it necessary to amend the statute to include "common or contract carriers." The 1957 amendment also demonstrates that the legislature has a standard method of expressing itself when it wants to except private carriers from the highway use restrictions. The absence of the phrase "or common or contract carriers" from ORS 483.502 (3) is strong evidence that that section does not apply to private carriers such as defendant in this case.

Our decision is also influenced by the overriding statutory objective of preserving and protecting our state highways. We find this primary purpose in the titles of the several legislative acts to which we have

[1]
* * * * *.

(4) (b) [page 1000] Public utilities, people's utilities districts and cooperative rural electrification districts *or common or contract carriers when acting as agent for or on direct orders of such a utility or district,* for the purpose of transporting and hauling poles, piling or structures used or to be used in connection with their business, may use and operate upon any highway of this state any vehicle or combination of vehicles having a load the total length of which is not in excess of 75 feet unless an emergency exists.

(5) [page 1001] No load upon any vehicle or combination of vehicles shall exceed 40 feet in length, except poles, piling or structures used or to be used in connection with the business of a public utility, people's utilities district or cooperative rural electrification district, upon a vehicle or combination of vehicles operated by such utility or district *or by a common or contract carrier acting as agent for or on direct orders of such a utility or district.* (Italics supplied)

referred. The title of Oregon Laws 1953, ch 691, p 1314 reads "Relating to the protection, preservation and use of highways." The other legislative acts have similar titles. It would be inconsistent to provide rules for the protection of our highways and to then create an exception broad enough to permit overweight vehicles to seriously damage the same highways.

We can not equate "use by" the city which the statute requires, with the "use for" a city which the facts here reveal. Nor can we accept as relevant to the instant case, defendant's contention, based on *Barrett v. Union Bridge Co.,* 117 Or 220, 226, 243 P 93, that:

> "Whatever the State Highway Commission could itself lawfully do in the construction or improvement of a state highway, it could lawfully contract with another to do."

In rejecting that contention it is sufficient to note that the legislature may set standards for private concerns which differ from those it prescribes for a state agency. That is exactly the situation we have here and that was the situation prior to 1957 under ORS 483.504 (4)(b) and (5).

In view of our conclusion, it is unnecessary to decide whether defendant's vehicle was "at the immediate location or site of such construction", as required by Oregon Laws 1953, ch 691, p 1314. See, however, *Fisher v. Vandevanter,* 137 Md 249, 112 A 296, where the court held:

> "The 'site of the work' was not some point on the projected roadway remote from the scene of the subcontractors' operations, but the place where the materials were needed for the work in the course of its normal progress."

Judgment affirmed.